**UNITED STATES of America, Appellee,**

v.

**Diane DOCKERY, Appellant.**

**No. 83–1559.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 26, 1983.

Decided Sept. 29, 1983.

Rehearing En Banc Granted Dec. 19, 1983.

Lessenberry & Carpenter by Jack L. Lessenberry, Little Rock, Ark., for appellant.

George W. Proctor, U.S. Atty., Robert J. Govar, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before HEANEY, BRIGHT and McMIL-LIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Diane Dockery, an employee of a federally insured bank, appeals from a final judgment entered in the District Court for the Eastern District of Arkansas upon a jury verdict finding her guilty of seventeen counts of embezzling bank funds in violation of 18 U.S.C. § 656. The district court sentenced her to concurrent terms of imprisonment of a year and a day on Counts I and II and suspended imposition of sentence on the remaining counts, instead placing her on probation for three years following her imprisonment and requiring her to make restitution to her employer in the amount of $1,300.00. For the reasons discussed below, we reverse.

For reversal appellant argues that the district court erroneously denied her pretrial motion to suppress a written confession she had given during an allegedly custodial interview without the warnings required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant argues that the admission into evidence of this confession at her trial violated her fifth amendment right against self-incrimination.

On October 8, 1982, FBI Special Agents Herb Davis and Ray McElhaney interviewed appellant concerning thefts of funds from her employer, the Union National Bank of Little Rock, Arkansas. Appellant denied any knowledge of such thefts. On November 3, 1982, one of appellant's fellow employees gave a signed statement claiming that both he and appellant had embezzled funds from the bank.

The following day, November 4, 1982, Special Agents Davis and McElhaney caused a bank official to summon appellant for questioning to a small, vacant office in the bank building where appellant was working. When she arrived, Agent Davis told her that she did not have to answer any questions, she was not under arrest nor was she going to be arrested, and that she was free to leave at any time. No *Miranda* warnings were given. During the interview, which lasted only sixteen minutes, the FBI agents told appellant that they believed she was involved in the theft of bank funds and they had incriminating fingerprint evidence against her. In fact, the only fingerprints the agents had were those of appellant retrieved from the bank's personnel records. Appellant steadfastly denied any involvement in the thefts and the interview terminated. The agents then left, but asked appellant to wait in the reception area outside the interview room in case any bank officials wanted to question her. Appellant complied.

A few minutes later, appellant asked a bank official to find the two FBI agents because she wanted to talk to them again. The FBI agents returned and again repeated their warnings that appellant did not have to talk to them and was free to leave whenever she desired. When appel-

lant began once again to deny her involvement in the thefts of bank funds, Agent Davis told her that he was busy and was not interested in hearing her repeat what she had already said. He then asked, "Why don't you tell me what happened?" At this point, appellant gave a statement implicating herself in the thefts of bank funds. This statement was transcribed by one of the agents and appellant signed it after making corrections.

In a pretrial hearing on appellant's motion to suppress her confession, appellant testified that she had requested to speak to an attorney during both of the interviews on November 4, 1982, but was prevented from doing so by the FBI agents. The FBI agents denied this testimony and stated that appellant had never asked to see an attorney. All parties agreed, however, that appellant was never handcuffed, physically restrained, physically abused, or threatened during the two interviews, although the door to the interview room was closed. The district court discredited appellant's testimony regarding her requests for an attorney and concluded that in light of the totality of the circumstances, the two interrogations resulting in her confession were neither custodial nor impermissibly coercive.

■ The *Miranda* warnings are required only when there is a custodial interrogation. *Miranda v. Arizona,* 384 U.S. at 444, 86 S.Ct. at 1612. The interviews in the present case were clearly interrogations, but whether appellant was in custody is disputed. The government argues that this case is identical to *United States v. Jones,* 630 F.2d 613 (8th Cir.1980) (*Jones*). We disagree. In that case Jones, a suspect in a bank embezzlement, was interviewed by FBI agents at her home. She was informed that she was not under arrest and did not have to answer any questions. The questioning was not more than routine and despite Jones' age and inexperience, "we [could] not say that in the circumstances her free will was overborne by the agents' statements or by their admonition to tell the truth." *Id.* at 616.

■ In this case, the FBI agents did not come to Dockery's home and ask to interview her in this familiar setting. Instead, a bank official summoned Dockery, at the agent's request, to a small, vacant office in the bank building where she worked. Although the agents told Dockery during the first interview that she was free to leave at any time, in fact, she was not. Following that interview they asked her to wait in the reception area outside the interview room for further questioning. We conclude that the subsequent interrogation which resulted in Dockery's incriminating statement was custodial and therefore *Miranda* warnings were required. Such warnings are particularly apt in this case because of the FBI agents' misrepresentations to Dockery concerning incriminating fingerprint evidence.

Accordingly, the judgment of the district court is reversed.